**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARTA ROSIBEL LARIOS-RUBIO, | No. 25-1723 |
| Petitioner, | Agency No. A216-394-228 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2025[**]
San Jose, California

Before: SCHROEDER, and FRIEDLAND, Circuit Judges, and SCHREIER,
District Judge.[***]

Marta Rosibel Larios-Rubio, a native of El Salvador, petitions for review of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

a decision by the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019). We review factual findings for substantial evidence and legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

1. The BIA held that that Larios-Rubio failed to meaningfully challenge multiple aspects of the IJ's decision. In particular, the BIA held that Larios-Rubio's brief before the BIA was not sufficient to put the BIA on notice of Larios-Rubio's challenge to the IJ's determinations that (1) Larios-Rubio's past harm did not rise to the level of persecution, (2) she had no well-founded fear based upon an actual or imputed anti-gang political opinion, (3) the particular social group defined as "consort of an associate of the 18th Street gang (or imputed member thereof)" was not cognizable, and (4) she was not entitled to relief under CAT. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (holding that a petitioner only exhausts "those issues he raised and argued in his brief before the BIA"). In her petition for review, Larios-Rubio failed to challenge the BIA's

determinations that she waived those dispositive issues. Thus, she has forfeited review of the waiver determinations, and the issues are unexhausted. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (applying forfeiture where petitioner failed to raise issue in the opening brief); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (finding petitioner "did not contest the denial of cancellation of removal in her opening brief, so the issue is waived"). Similarly, we decline to consider Larios-Rubio's due process claim because she failed to raise the issue in her petition for review. *See Nguyen*, 983 F.3d at 1102. And when the government properly raises failure to exhaust, we "must enforce" the rule. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Because the government properly raised the exhaustion requirement, we deny Larios-Rubio's unexhausted challenges to BIA's determinations. *See id.*

We also decline to consider Larios-Rubio's claims for asylum and withholding of removal based upon her "feminist political opinion" or the proposed social groups of "Salvadoran women," and "Salvadoran women who oppose gang instigated criminality," because Larios-Rubio did not present any arguments based on these particular social groups to the BIA. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("[W]e consider only the grounds relied upon by [the BIA].").

2. Substantial evidence supports the BIA's determination that Larios-Rubio

was ineligible for asylum and withholding of removal because she failed to establish that her membership in the "Menjivar family" was at least one central reason or a reason for future persecution. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009). The record does not compel the conclusion that gang members targeted Larios-Rubio based on her family membership. Rather, substantial evidence supports the BIA's determination that Larios-Rubio failed to demonstrate a nexus between the MS-13 gang members' demand for money and her membership in the "Menjivar family." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). And as the BIA concluded, the lack of a nexus to a protected ground is fatal to Larios-Rubio's claims for asylum and withholding of removal. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). Accordingly, Larios-Rubio's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Petition **DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues, and the motion to stay removal, Docket No. 3, is otherwise denied as moot.